## FLY ET AL. *v.* HEITMEYER.

No. 316. Argued January 11, 1940.—Decided January 29, 1940.

*Solicitor General Jackson,* with whom *Messrs. Warner W. Gardner, Robert M. Cooper, William J. Dempsey,* and *William C. Koplovitz* were on the brief, for petitioners.

*Mr. Clarence C. Dill,* with whom *Mr. James W. Gum* was on the brief, for respondent.

Mr. Justice Frankfurter delivered the opinion of the Court.

On March 25, 1935, Heitmeyer, respondent here, applied for a permit from the Federal Communications Commission under § 319 of the Communications Act of 1934, c. 652, 48 Stat. 1089, 47 U. S. C. 319, to construct a broadcasting station at Cheyenne, Wyoming. His application and a competing one were heard by an examiner. The Commission, on May 1, 1936, denied respondent's application on the sole ground that he was financially disqualified. He appealed to the United States Court of Appeals for the District of Columbia and the Commission's decision was reversed. *Heitmeyer* v. *Federal Communications Commission,* 68 App. D. C. 180; 95 F. 2d 91. To proceed in conformity with this opinion, the case was remanded to the Commission.

After Heitmeyer's appeal two other applications for the same facilities were filed with the Commission. Following intermediate litigation, needless here to recount, the Commission directed that respondent's case be reopened in conjunction with the pending rival applica-

tions. Before this hearing could be had, respondent obtained from the Court of Appeals a writ of mandamus directing the Commission to restrict consideration of his application to the record originally before it. *McNinch v. Heitmeyer*, 70 App. D. C. 162; 105 F. 2d 41. Because important questions of administrative law were involved, we granted certiorari. 308 U. S. 540.

This case is controlled by our decision in *Federal Communications Commission* v. *Pottsville Broadcasting Co., ante,* p. 134.

The only relevant difference between the two cases is that here the Commission proposed on remand not only to reconsider respondent's application on oral argument with subsequently filed rival applications, but to reopen the record and take new evidence on the comparative ability of the various applicants to satisfy "public convenience, interest, or necessity." But the Commission's duty was to apply the statutory standard in deciding which of the applicants was to receive a permit after it fell into legal error as well as before. If, in the Commission's judgment, new evidence was necessary to discharge its duty, the fact of a previously erroneous denial should not, according to the principles enunciated in the *Pottsville* case, *ante,* bar it from access to the necessary evidence for correct judgment.

The judgment is reversed, with directions to dissolve the writ of mandamus and to dismiss respondent's petition.

*Reversed.*

Mr. Justice McReynolds concurs in the result.