EVANS v. FEDERAL COMMUNICATIONS COMMISSION (SPARTANBURG ADVERTISING AGENCY, Intervener).

No. 7581.

United States Court of Appeals for the District of Columbia.

Decided April 29, 1940.

James W. Gum, of Washington, D. C., for appellant.

William J. Dempsey and William C. Koplovitz, both of Washington, D. C., for appellee.

Horace L. Lohnes, Homer L. McCormick, and E. D. Johnston, all of Washington, D. C., for intervener.

Before STEPHENS, EDGERTON, and RUTLEDGE, Associate Justices.

RUTLEDGE, Associate Justice.

Appellant owns and operates Radio Station WSPA at Spartanburg, S. C. He appeals from a decision of the Commission rendered October 26, 1939, effective November 2, 1939, and affirmed on rehearing January 9, 1940. The decision granted an application by the Spartanburg Advertising Company for a construction permit for a new station in Spartanburg. On January 29 appellant filed the appeal from that decision which is now pending in this court. Three days earlier the Spartanburg Advertising Company had filed with the Commission an application for modification of the construction permit, requesting change in frequency, increase in power, change in locations of studio and transmission site, and extension of the dates of commencement and completion. Announcement of the filing of this application was made by the Commission on February 3. On February 9 appellant filed here his motion for an order directing the Commission and its members to stay all further proceedings in connection with the application for modification or any application of the Spartanburg Advertising Company for authority to construct or operate a new station at Spar-

tanburg. Appellant contends that when the appeal was filed on January 29 the Commission lost jurisdiction over the order appealed from and therefore cannot take any action, pending disposition of the appeal, which in any way changes or modifies that order. It is said that modification of the permit would render the appeal moot before the court has an opportunity to consider it upon the merits.

The Commission resists the motion as being in substance and effect, though not in form, a petition for an injunction to restrain it from acting upon the application without obtaining leave of court or until the appeal has been decided. It asserts that we have no power to grant such relief for the reason that doing so would require interference with an executive function of the Commission. It is noted that the application for modification was filed three days before the appeal was taken and at that time, it is said, the Commission not only had jurisdiction to pass upon the application, but was under a duty to do so. That duty, it is claimed, cannot be affected by the subsequent taking of the appeal. Reliance is placed upon Federal Communications Commission v. Pottsville Broadcasting Co., 309 U.S. 134, 60 S.Ct. 437, 84 L.Ed. 656, and Fly v. Heitmeyer, 309 U.S. 146, 60 S.Ct. 443, 84 L.Ed. 664, both decided January 29, 1940, to sustain these contentions.

The Commission also has filed here a motion to dismiss the appeal on the ground that appellant has no standing to maintain it; and following the decision in Federal Communications Commission v. Sanders Brothers Radio Station, 309 U.S. 470, 60 S. Ct. 693, 698, 84 L.Ed. 869, decided March 25, 1940, rehearing denied, April 22, 1940, appellant filed his countermotion "to dismiss appellee's motion to dismiss the appeal."

▆▆▆ We think the decision last referred to requires that we deny appellee's motion to dismiss the appeal, and that action of course will dispose also of appellant's countermotion. The appeal is upon the ground, among others, that appellant will be a competitor of the new station if it is erected and operated; that the resources of advertising, talent, etc., in the competitive area are insufficient to support two stations; and that appellant therefore is necessarily a person aggrieved

within the meaning of Section 402(b) of the Act.[1] As we understand the decision in the Sanders case, even though the licensee of an existing station "cannot resist the grant of a license to another, on the ground that the resulting competition may work economic injury to him," nevertheless he is a "person aggrieved or whose interests are adversely affected" within Section 402(b) for the purpose of maintaining an appeal from the order of the Commission granting the new license. It follows that appellant has standing to maintain the appeal.

But we think the decision in the Pottsville case requires that we deny appellant's motion for a stay order. It is true that there are apparent distinctions of fact between the situation presented in that case and the one involved here. It related specifically to proceedings of the Commission following disposition of the appeal, whereas the present one relates to further proceedings by the Commission pending such disposition. The new applications which the Supreme Court held the Commission was entitled to consider "on a comparative basis" with the rival applications involved in the appeal were made by or on behalf of persons not parties to the appeal, not, as here, by one who is a party to it; and they were entirely new applications, not merely applications for modification of previously existing permits. Appellant says that these facts distinguish the present case from that one, and that considerations relating to orderliness of the appeal and the supposed finality of orders for appellate purposes require that the effect of the Pottsville decision be limited to proceedings of the Commission taken subsequently to disposition of the appeal by the court. In effect, appellant asks us to regard the order appealed from as if it were a final judgment or decree of a trial court, with the consequence that filing of the appeal divests the Commission of jurisdiction of the case, and therefore of power to change the order in any respect, during the pendency of the appeal.

▆▆▆ But the foundation of the Pottsville decision is that proceedings before the Commission are administrative, not judicial in character. The necessary implication is that the proceeding, even after appeal determined here upon questions of

---

[1] Act of May 20, 1937, c. 229, 50 Stat. 189, 47 U.S.C. § 151 et seq., 47 U.S.C.A. § 151 et seq.

law, is not merely an adversary one in the nature of a suit in rem and having the effect of a final adjudication of rights as against all the world nor even of a suit in personam to the extent that the controversy, like strictly private litigation, is free from interference after judgment by strangers to it, whether by intervention or otherwise. The appeal is of course conclusive as among the parties to it upon the questions of law decided by it. But it does not result in a judgment which forecloses the right of others, not parties to it, to apply for the same facilities or to be heard upon their application without prejudice to whatever showing of comparative merit they may be able to make, resulting from the appeal's having been taken and decided. The limited function which this court plays in its appellate review, therefore, is crystallized by it in no "vested right" as against the power of the Commission to consider other applications, whether for the same or competing facilities and the rights of others to have their applications considered. The court's decision has in it, of course, an element of finality; but within the principle of the Pottsville decision, it has no finality as against the power of the Commission to make a proper allocation of facilities as required by "public interest, convenience or necessity," whether upon applications involved in the appeal or others, so long as its doing so does not involve disregarding the court's decision upon the questions of law determined in the appeal. This is clearly so as to applications of third persons not involved in the appeal. The principle is equally applicable to new applications filed by one of the parties to the appeal, but not involved in it. That must be true, unless it is to be held as matter of law that such an application could not be held, if granted, more conducive to "public convenience, interest or necessity" than those involved in the appeal or, what would amount to the same thing, that by becoming a party to the appeal an applicant is precluded from making another application, whether for modification of the facilities previously applied for or for entirely different ones. We find no basis in the Act or in the decision for either conclusion. On the contrary, the controlling consideration of "public convenience, interest or necessity" appears to require that the Commission consider such applications as fully as those made by strangers

to the appeal, provided of course that they are made in good faith and present facts and issues essentially different at least in some respects from those involved in the appeal. It follows therefore that if the appeal herein had been determined, the Commission would have jurisdiction to consider the application for modification, within the rule laid down by the Pottsville decision.

█ ▪ But the question remains whether it can do so pending disposition of the appeal or, on the contrary, we have power, and should exercise it, to direct the Commission to withhold its consideration of the application pending our decision on the merits. Even if it were clear that we have such power, exercising it would accomplish nothing other than delay for all concerned. No other benefit, if delay would be such, could result for appellant. Immediately upon rendition of our decision the Commission would be free, if indeed not required, to consider the application. Whatever its decision, appellant would then be faced with another appeal, whether taken by himself or by the applicant. In any event, nothing we can do would forestall such a possibility. It must be assumed of course that the application will present different questions and appealable issues from those presented in the pending appeal, whether it be regarded as one for an entirely new station or as asking merely for modification of the permit which has been granted. It speaks of a different time and presumably, to some extent, of different facts and facilities from those involved in the pending appeal. Otherwise it would have no point. With its so speaking, we cannot anticipate what the differences may be or forestall them. We do not believe it is the purpose of the statutory provision for limited judicial review to require us to do a futile thing or one the only consequence of which would be to delay the final determination of the entire controversy. To hold otherwise would be in direct contradiction of the administrative purposes and procedure created by the statute with a view, among other things, to prompt and efficient disposition of the Commission's business and the conflicting claims presented to it. There is no specific language in the statute which requires strict maintenance of the status quo pending disposition of an appeal, even as among the parties to it. While the Pottsville decision does not cover the pres-

ent situation specifically, we think the reasoning upon which it rests extends to it and therefore that we have no power to interfere with the functioning of the Commission as appellant asks us to do.

We will add also that we do not share to the full extent appellant's anticipation of hardship which may result from this decision. He fears that the Commission may grant the application and by so doing render the pending appeal 'moot. In that event, he says, he will be deprived of the benefit of the record which has been prepared for the pending appeal and put to the trouble and expense of preparing another. This assumes, of course, that such action will be taken by the Commission and, when taken, would render the pending appeal entirely moot. While it might have the effect of eliminating some issues of law involved in the existing appeal, and creating others not so involved, it is at least highly doubtful that it would eliminate all legal questions now before us. To the extent that it would not do so, the present appeal, and therefore the presently prepared record, will retain full vigor and vitality. To the extent that it would do so, we know of no principle which empowers a court to prevent the parties to an appeal from taking action which renders their controversy moot, merely in order to render an advisory opinion upon abstract questions of law. The result in such circumstances is to deprive the court of jurisdiction to proceed further in the cause, not to preserve it. If the Commission's action should raise new legal issues, not involved in the pending appeal or merely eliminative of those so involved, a new record would be necessary in any event, whether that action is taken before or after our decision in the appeal pending. That is an inescapable consequence of the Pottsville decision, and the only question is whether appellant must be put to that expense at one time or another. If that is to be the outcome, we see no great hardship in his bearing it sooner rather than later. On the contrary, it will be to his advantage, as well as that of the Commission and others interested to have the matter disposed of expeditiously and without the unnecessary delay he seeks to impose upon the work of the Commission. Apart from the fact that it is entirely problematical whether appellant will be confronted with the consequences he fears, his objection in reality is to the rule and the principle of the Pottsville decision. The function is not ours to modify it.

We find, therefore, no prejudice to which appellant will be subjected or benefit which he will lose from failure to secure the stay he seeks, and which he might avoid or secure consistently with that decision. If the Commission's action renders the appeal moot, we will be powerless to prevent it; insofar as it does not do so, the appeal retains full vitality; insofar as it may raise new appealable issues, they must be presented upon another appeal and another record in any event. These alternative possibilities may not involve the technical finality characteristic ordinarily of the judgments and decrees of courts. But they will bring more quickly and as fairly to a conclusion the entire controversy among the parties, a result more obviously in accord with the purposes of administrative action than the observance of merely technical conceptions evolved in and characteristic of another process.

Appellant's motion for stay is denied. Appellee's motion to dismiss the appeal is denied. This, of course, also disposes of appellant's "countermotion."

So ordered.

STEPHENS, Associate Justice, concurs in the result.