IN RE APPLICATION OF SOUTHROADS BANK.
FIRST NATIONAL BANK OF BELLEVUE, APPELLANT, V.
SOUTHROADS BANK ET AL., APPELLEES.

205 N. W. 2d 346

Filed March 9, 1973. No. 38616.

Schmid, Ford, Mooney, Frederick & Caporale, for appellant.

Monen, Seidler, Ryan & Festersen, Cline, Williams, Wright, Johnson & Oldfather, Clarence A. H. Meyer, Attorney General, Ralph H. Gillan, and Acklie & Peterson, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

McCOWN, J.

This is a proceeding to review an order of the Department of Banking of the State of Nebraska granting a charter to Southroads Bank, Bellevue, Nebraska. The district court affirmed the order of the Department of

Banking and dismissed the proceedings. The First National Bank of Bellevue has appealed.

On April 20, 1971, the Southroads Bank filed an application for a state bank charter in accordance with the provisions of section 8-120, R. R. S. 1943. After publication of notice as required, a public hearing was held on the application extending over a period of 4 days in June of 1971. On September 24, 1971, the Department of Banking entered its order granting the application. It found that the stockholders and officers of the Southroads Bank were parties of integrity and responsibility; and that "the public necessity, convenience, and advantage will be promoted by permitting such corporation to engage in business as a bank."

The extensive evidence presented at the hearing in June 1971, dealt almost entirely with the issue of public necessity, convenience, and advantage in having a bank at the Southroads Shopping Center location. Much of the evidence dealt with facts or information related to the time span between a former hearing in December 1969, and the 1971 hearing. There was also evidence relating to previous periods of time as well as general evidence not specifically related to a definite time period. The evidence of the applicant tended to establish public necessity, convenience, and advantage while the evidence of the protestants tended to demonstrate that the existing banks were adequately serving the public and that the public necessity, convenience, and advantage would not be promoted by granting the application.

The proceedings for judicial review of the order of the Department of Banking granting the Southroads Bank charter were conducted before the district court without a jury on the record of the Department of Banking. The district court specifically found that there was competent, material, and substantial evidence to support the order of the Department of Banking, including the findings of fact and conclusions of law; and

that the order was not arbitrary or capricious. The district court affirmed the order of the Department of Banking and dismissed the proceedings for judicial review.

Other critical background facts should be noted. The hearing in June 1971, on this application was the third hearing involving this applicant. Its first application was filed April 26, 1968. Hearing on that application was in July of 1968. On August 26, 1968, the Department of Banking entered its order denying the application. On September 18, 1969, a new application was filed. That hearing was held in December 1969. The order denying the application was entered February 24, 1970. A third application was filed on January 28, 1971, but dismissed on motion without a hearing. The application which is now involved was filed April 20, 1971. The hearing was in June 1971, and the order of the Department of Banking granting the application was entered September 24, 1971.

The appellant contends that Southroads Bank failed to prove the statutory requirements of "public necessity, convenience, and advantage" and that the evidence proves also that the appellant will suffer irreparable damage if Southroads Bank is granted a charter. An examination of more than 800 pages of testimony taken at the hearing and the numerous exhibits introduced in evidence refutes those contentions. There was competent evidence to establish that the parties requesting the charter are parties of integrity and responsibility; that the public necessity, convenience, and advantage will be promoted by permitting the corporation to engage in business as a bank; and that all other statutory requirements have been met. In cases such as this, the determination of public necessity, convenience, and advantage has been committed to the discretion and expertise of the Department of Banking. This court is not a super-regulatory body to review the policy or wisdom reflected in determinations made by the De-

partment of Banking as to such issues. Where it appears in an error proceeding that an administrative agency has acted within its jurisdiction and there is some competent evidence to sustain its findings and order, the order of the administrative agency will be affirmed. First Nat. Bank & Trust Co. of Beatrice v. Ley, 182 Neb. 164, 153 N. W. 2d 743.

The major portion of the appellant's argument on appeal is directed to the contention that the doctrine of res judicata applies to administrative proceedings and should be applied here. The thrust of the argument is that the former order of the Department of Banking denying a previous application should be treated as a final judicial disposition of the Southroads Bank charter which prevents further inquiry into the issue in this proceeding.

The appellant concedes that the doctrine of res judicata is not applicable where there has been a substantial or material change in the circumstances or conditions intervening between the two decisions. The appellant maintains, however, that since both rulings related to the issue of obtaining a charter for a bank in the Southroads Shopping Center, there is therefore no substantial change of circumstances shown and the doctrine should be applied. This ignores the fact that there was substantial additional or new evidence relating to the period of time after the prior hearing in 1969 and also ignores the fact that the critical subject matter with which the rulings were concerned was the matter of public necessity, convenience, and advantage at the time of determination. That issue must be determined within a specific time reference and is seldom static. There is no record of the evidence presented at the prior hearing in 1969. The evidence here reflects a rapidly growing, fluid metropolitan area. If any inferences are to be drawn, they would point to the probability of changes in circumstances and conditions over

a period of time of more than a year and a half between the 1969 and the 1971 hearing.

The statutes contain no requirements limiting the number of applications which can be made nor requiring that any certain period of time expire after the denial of an application before another application may be filed. We find no logical distinction between the Department of Banking and the Nebraska State Railway Commission as to the nature of their functions when they act upon an application to operate a business regulated under their respective jurisdictions, based upon a determination of public convenience and necessity. Both are administrative agencies charged with the regulation of specific businesses within specific statutory limits, and both exercise similar functions as to licensing, supervision, and regulation. This court has held in many different contexts that the doctrine of res judicata does not apply to the denial of an application by the Nebraska State Railway Commission. The case of Union Pacific R.R. Co. v. Nebraska State Railway Commission, 149 Neb. 575, 31 N. W. 2d 552, demonstrates the time frame reference of orders involving issues of public convenience and necessity. In that case, the Union Pacific Railroad Company made an application in 1943 to discontinue an agency station. The application was denied. In 1947, the railroad made another application which was also denied. In reversing the commission's ruling, this court said: "The ruling of the railway commission or of this court on the question of discontinuance of an agency at any given time does not amount to an adjudication for the future. It is only a judgment on the condition presented by the application and relates only to the time and conditions presented." See, also, Missouri Pacific R.R. Co. v. Zimmerman Feed Yards, 176 Neb. 501, 126 N. W. 2d 679; Holmberg v. Chicago, St. P. M. & O. Ry. Co., 115 Neb. 727, 214 N. W. 746.

Subsequent applications of the same nature involving issues of public convenience and necessity were considered in the case of Canada v. Peake, Inc., 184 Neb. 52, 165 N. W. 2d 587. There this court said: "An order of the Nebraska State Railway Commission is not res judicata as to another application of the same nature subsequently filed, nor does it require an independent proceeding." While the case might be distinguished on procedural grounds, it is nevertheless in point on the issue of res judicata.

While there is a great variance between courts as to the extent, if at all, that the doctrine of res judicata should be applied to administrative proceedings, there is thorough agreement that the doctrine should not apply to all administrative proceedings. Davis, Administrative Law Text (3d Ed., 1972), § 18.02, p. 360, states: "As a matter of principle, it is completely clear that the reasons behind the doctrine of res judicata as developed in the court system are fully applicable to *some* administrative proceedings. The reasons against a second litigation between the same parties of the same claims or issues are precisely the same for *some* administrative determinations as they are for most judicial determinations. The sound view is therefore to use the doctrine of res judicata when the reasons for it are present in full force, to modify it when modification is needed, and to reject it when the reasons against it outweigh those in its favor." (Emphasis ours.)

It is not necessary to reach the issue of which administrative determinations may be subject to the doctrine of res judicata in order to determine that the reasons against invoking the doctrine here far outweigh those in its favor. We therefore hold that an order of the Department of Banking denying an application for a bank charter does not amount to an adjudication for the future and is not res judicata as to another application of the same nature subsequently filed.

The judgment of the district court was correct and is affirmed.

AFFIRMED.

WHITE, C. J., and SPENCER, J., not participating.