IN RE APPLICATION OF AMERICAN STATE BANK.
SOUTHWESTERN BANK & TRUST COMPANY, APPELLANT,
v. DEPARTMENT OF BANKING AND FINANCE, STATE OF
NEBRASKA, ET AL., APPELLEES.
IN RE APPLICATION OF SOUTHWESTERN BANK & TRUST
COMPANY. SOUTHWESTERN BANK & TRUST COMPANY,
APPELLANT, v. DEPARTMENT OF BANKING AND
FINANCE, STATE OF NEBRASKA, ET. AL., APPELLEES.

294 N. W. 2d 343

Filed July 1, 1980. No. 42864.

Schmid, Ford, Mooney & Frederick, for appellant.

Acklie & Parker, for appellee American State Bank.

No appearance for appellee Department of Banking and Finance.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

WHITE, J.

This case involves two applications originally filed with the Department of Banking and Finance (hereafter Department) for a charter to operate a commercial bank in McCook, Nebraska. The Department, after a hearing on both applications, issued a charter to American State Bank (hereafter American) and denied a charter to Southwestern Bank & Trust Company (hereafter Southwestern). Southwestern appealed to the District Court for Lancaster County, Nebraska, for a reversal of both orders. The District Court found generally for the Department and American.

Appellant makes two principal contentions: (1) That the Department has no authority to concurrently consider two or more applications for a commercial bank; and (2) That the Department's findings are arbitrary, capricious, and not supported by the evidence. We find the appellant's contentions are not meritorious and affirm.

The record shows that Southwestern filed an application with the Department for a bank charter to operate a bank in McCook, Nebraska, on March 13, 1978. American filed with the Department on March 27, 1978. The Department granted the application of American and denied that of Southwestern. Southwestern appealed both orders of the Department. The cases were consolidated on appeal and the orders of the Department were affirmed.

We do not review the decisions of the Department and the District Court de novo on the record. Neb. Rev. Stat. § 84-917 (Reissue 1976) provides that a person aggrieved by a final decision in a contested case is entitled to judicial review. It provides for the initial review in the District Court, without a jury, on the record of the agency. The aggrieved party may secure a review of a District Court's decision by appeal to this court pursuant to Neb. Rev. Stat. § 84-918 (Reissue 1976). We have held that review of a District Court's decision is governed by the same criteria controlling review by the District Court. *The 20's, Inc. v. Nebraska Liquor Control Commission,* 190 Neb. 761, 212 N.W.2d 344 (1973). Section 84-917(6) provides:

(6) The court may affirm the decision of the agency or remand the case for further proceedings; or it may reverse or modify the decision if the substantial rights of the petitioner may have been prejudiced because the agency decision is:

(a) In violation of constitutional provisions;

(b) In excess of the statutory authority or jurisdiction of the agency;

(c) Made upon unlawful procedure;

(d) Affected by other error of law;

(e) Unsupported by competent, material, and substantial evidence in view of the entire record as made on review; or

(f) Arbitrary or capricious.

Under the criteria set out in (6)(e), when there is "substantial evidence" which would support a finding either way, neither a District Court nor this court should disturb the administrative body's findings. *The 20's, Inc. v. Nebraska Liquor Control Commission, supra.* We review the decision of the District Court and the Department to determine whether the proper criteria have been applied and to determine if the evidence of record justifies the Department's ruling.

The threshold question on appeal is whether the director and the Department have the discretion to compare two applicants and select the one that can best promote the public necessity, convenience, and advantage.

The appellant contends that the Department exceeded its authority when it held a full separate hearing on each party's application for a charter in the same trade area, and then compared the two and selected American as better qualified to meet the public's need, even though its application was filed 2 weeks later than Southwestern's. Neb. Rev. Stat. § 8-122 (Reissue 1977) provides:

8-122. Bank organization; conditions precedent; charter; issuance; fees. After the examination and approval by the department of the application required by section 8-120, if the department upon investigation and after the public hearing on the application shall be satisfied that the stockholders and officers of the corporation applying for such charter are parties of in-

tegrity and responsibility, that the require-
ments of section 8-702 have been met, *and
that the public necessity, convenience, and
advantage will be promoted by permitting
such corporation to engage in business as
a bank,* the department shall, upon the pay-
ment of the required fees, and, upon the fil-
ing with the department of a statement, un-
der oath, of the president, secretary, or
treasurer, that the paid-up capital stock, sur-
plus and undivided profits have been paid
in, as determined by the department, issue
to such corporation a charter to transact the
business of a bank in this state provided for
in its articles of incorporation. On payment
of the required fees and the receipt of the
charter, such corporation may begin to con-
duct a bank.

(Emphasis supplied.)

The appellant contends that § 8-122 mandates that
the Department grant a charter whenever the appli-
cant *who files first* meets the statutory standards.
We do not agree with this restrictive interpretation
of the statutory authority of the Department and its
director. While there is no specific legislative provi-
sion which delineates what the director should do
when two applications are filed, there is a legislative
requirement that he take that action which serves
the best interests of the public involved, specifically
in this case, the action which promotes the public
necessity, convenience, and advantage in the
McCook area. We agree with the cogent analysis of
this issue by the District Court:

[T]he adoption of a "first in time" priority
rule in these cases would unduly restrict
the Department and its Director's discretion
and authority implied by the general terms
of the statute, and that its authority and obli-
gation to compare two competing bank

charter applicants to determine which one is best suited to provide the needed banking service in the community concerned is the better rule and is supported by legislative and case law authority.

The appellant argues that the issue of the director's discretion is controlled by the case of *State, ex rel. Woolridge, v. Morehead,* 100 Neb. 864, 161 N.W. 569 (1917). There, the banking board refused to issue a charter to the Nebraska State Bank at Sidney, Nebraska, on the ground that conditions and existing business in Sidney dictated that the public convenience and necessity did not require an additional bank. The statute then in effect, Neb. Rev. Stat. § 295 (1913), did not require that the Department find that the public necessity, convenience, and advantage would be promoted by permitting an additional bank in the community. In reviewing the language of the statute, this court held that the statute was mandatory and that, if the applicant satisfied the statutory requirements, the Department had no discretion to withhold the issuance of a charter. The statute in effect at the time of *Morehead* and the statute in effect at the present are significantly different. Under the present statute, the director is required to determine whether the public necessity, convenience, and advantage will be promoted by permitting each applicant to engage in business as a bank. This provision distinguishes the court's prior decision in *Morehead* and renders it inapplicable to the case at bar. We considered the statutory requirement of "public necessity, convenience, and advantage" in *First Nat. Bank of Bellevue v. Southroads Bank,* 189 Neb. 748, 750, 205 N.W.2d 346, 347-48 (1973):

> [T]he determination of public necessity, convenience, and advantage has been committed to the discretion and expertise of the Department of Banking. This court is not a

super-regulatory body to review the policy or wisdom reflected in determinations made by the Department of Banking as to such issues. Where it appears in an error proceeding that an administrative agency has acted within its jurisdiction and there is some competent evidence to sustain its findings and order, the order of the administrative agency will be affirmed.

While this appears to be a question of first impression in this state, other jurisdictions have decided the issue as to whether priority should be given to one qualified applicant on the basis of first to file. In *Stafford State Bank v. Schaub,* 143 N.J. Super. 145, 362 A.2d 1209 (1976), both competing applicants for a bank charter met the statutory requirements. The board determined the applicant with priority in . filing should be granted the charter. The appellate court held that it was error not to compare the two charter applications and that it was the state banking commissioner's obligation to determine which of the two applicants will best serve the public interest.

In *Brown v. Banking Board,* 579 P.2d 1267 (Okla. 1978), the court stated that the granting of a bank application, when mutually exclusive applications are pending, is a legislative matter and that the court does not have the power to independently substitute its judgment for that of the Department. The court did not adopt a first to file rule as urged by one of the applicants. In *Schaake v. Dolley,* 85 Kan. 598, 118 P. 80 (1911), the court held that where both applicants met the statutory qualifications, the charter board was correct in granting the first one filed.

In 1 Michie on Banks and Banking 162-64 (rev. ed. 1973), a Nebraska case is cited as support for the proposition, discussed in the section entitled "Discretion and Power in State Offices and Boards," that:

It has been held, however, that under the

statutory provisions in certain states the commissioner of banking or other banking authority is vested with discretionary power to approve or reject applications for chartering a bank. And under such statutory provisions the refusal of the commissioner of banking to approve an application for a charter in a proper exercise of such discretionary power is not subject to judicial review on the ground that a different decision should have been made, unless it clearly appears that he has willfully and arbitrarily disregarded his duty, or that his decision was due to caprice, passion, partiality or corruption.

We conclude that the existence of public necessity and convenience provisions, as are now in effect in § 8-122, vests the Department with the discretion to consider two applications and determine which would best serve the public interest.

Having concluded that the Department did not act beyond its jurisdiction, we will consider whether there is competent evidence to sustain its findings. In finding that public necessity, convenience, and advantage would be best promoted by the granting of a charter to appellee and that the public necessity, convenience, and advantage would not be promoted by permitting the appellant to engage in business as a bank, the Department premised its holding on three major findings of fact: (1) That the appellant would not have the ability to provide as viable and effective competition to the existing banking institutions as would the appellee; (2) That the stockholders of appellee will be more representative of the McCook area; and (3) That the proposed capital structure of the appellee is greater than that of the appellant.

In considering factors which evidence viable and effective competition, the Department had a record

which contained competent and substantial evidence as to the experience of the primary incorporators and the construction and the location of the proposed banking facilities. All of the officers of appellee's proposed operation had executive banking experience and hold executive officers' licenses. In contrast, the proposed chief operating officer of appellant's bank had no previous experience as a chief operating officer of a commercial bank. The evaluation of principals is a matter for the Department to weigh and consider. *Voss v. Banking Board,* 483 P.2d 731 (Okla. 1971).

The construction and location of the proposed banking facility were important factors in the charter proposal. The evidence demonstrated that appellee proposed to construct a new facility, whereas appellant proposed to remodel a building. On the location issue, there is evidence to suggest appellee's facility would be located in a more heavily traveled area.

On the second finding of fact, the Department found that the stockholders of the appellee will be more representative of the McCook area. The evidence shows that of 47 stockholders in American, all but 2 are from the McCook area. Pursuant to a condition precedent to the issuance of a charter, 50 percent of American's stock is owned by individuals from the McCook area. The record suggests a greater percentage of American stockholders than Southwestern stockholders are from McCook.

The third major finding of fact concerns the capital structure of American as compared to that of Southwestern. The record indicates that American filed its application with proposed capitalization of $850,000, which could be increased to $1,000,000 if the Department so directed. On the other hand, appellant proposed a capital structure of $500,000 which would be increased upon request by the director of the Federal Deposit Insurance Corporation.

We are satisfied that the Department's findings are supported by substantial evidence.

AFFIRMED.