PHELPS COUNTY SAVINGS COMPANY, A NEBRASKA CORPORATION, APPELLEE, V. DEPARTMENT OF BANKING AND FINANCE, STATE OF NEBRASKA, APPELLEE, FIRST NATIONAL BANK OF HOLDREGE, NEBRASKA, AND FIRST SECURITY BANK OF HOLDREGE, NEBRASKA, APPELLANTS.

320 N.W.2d 99

Filed May 28, 1982. No. 44125.

Person, Dier, Person & Osborn, for appellants.

Knudsen, Berkheimer, Beam, Richardson & Enda-cott, for appellee Phelps County Savings Company.

Heard before BOSLAUGH, MCCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

CLINTON, J.

This appeal arises out of the application of the Phelps County Savings Company to the Department of Banking and Finance (hereinafter department) for a license to operate as an industrial loan and investment company under the provisions of Neb. Rev. Stat. §§ 8-401 et seq. (Reissue 1977). The appeal is from an order of the District Court for Lancaster County made on January 8, 1981, remanding the matter to the department for a hearing "with directions to proceed in conformity with" a prior order of the District Court dated August 15, 1979. The question involved on the appeal is a procedural one involving whether on the remand under the order of August 15, 1979, the department could hold an entirely new hearing as if upon an original application, or whether the scope of the hearing under the court's order of August 15, 1979, was limited to a particular

purpose. The issue involves both an interpretation of the court's order and its power to limit the scope of the rehearing.

A clear understanding of the errors assigned by the protestants-appellants makes necessary a chronological recital of the procedural history of the matter. On April 17, 1978, following its incorporation, the appellee Phelps County Savings Company filed an application for the license. No protests were filed. The application was denied by the department on August 3, 1978. The department's order contained the following: "9. That the applicant failed to show that the public necessity, convenience, and advantage of the community in which the business of Phelps County Savings Company is to be conducted will be served thereby." As required under § 8-403.01 (Cum. Supp. 1980), the applicant must show, among other things: "(3) that the public necessity, convenience and advantage of the community in which the business of the applicant is to be conducted will be served thereby." The order of the department contained the following findings: "2. No license for an industrial loan and investment company may be issued unless and until the Department of Banking and Finance shall have made the determination as required by Section 8-403.01 R.R.S. 1943, as amended. In making the determination that the public necessity, convenience, and advantage of the community will be served by the proposed industrial loan and investment company, the Director of Banking and Finance must consider the economic area to be served by the proposed institutions; the size and population of such area; the number and size of institutions within or now serving the area; the wealth of the residents within the area; the commercial and industrial development and potential growth of the area; the capability of existing institutions to handle potential growth; the earning prospects of the proposed industrial loan and investment

company; adequacy of services being provided by the existing institutions in relation to the needs of the residents of the area; the convenience of location of the proposed industrial loan and investment company; and all other facts and circumstances bearing upon or relevant to the inquiry of public necessity, convenience and advantage.

"3. All the facts and circumstances, as disclosed by the evidence and investigation support the determination that the public necessity, convenience, and advantage will not be served by permitting . . . ."

This order of the department was appealed to the District Court for Lancaster County. On August 15, 1979, after the hearing in the District Court, that court entered an order which contained the following: "5. That the appellee found that all statutory conditions were met except '(3) that the public necessity, convenience and advantage of the community in which the business of the applicant is to be conducted will be served thereby.'

"6. That paragraph 2 of appellee's order indicates that appellee made an investigation, but the record fails to disclose the contents of the investigation or the facts, if any, upon which the appellee relied in making its decision. The appellee did not give notice to appellant pursuant to Sec. 84-914 (5) R.R.S., 1943; neither did the appellee give the appellant an opportunity to contest any facts noticed by appellee." The court's order was as follows: "IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the order of the appellee of August 3, 1978 should be and hereby is reversed and set aside; that this case should be and hereby is remanded to the appellee for further proceedings in conformance with the findings and order herein."

On the remand to the department it set a new hearing date, gave notice of hearing, and proceeded to hold a hearing as upon an original application. At that hearing the protestants-appellants, First Se-

curity Bank of Holdrege, Nebraska, and the First National Bank of Holdrege, Nebraska, made appearances, entered objections, and presented evidence. On February 14, 1980, the department entered its order with detailed findings of fact and conclusions of law, saying: "3. All the facts and circumstances, as disclosed by the evidence and investigation support the determination that the public necessity, convenience, and advantage will not be served by permitting the Phelps County Savings Company to engage in the business of an industrial loan and investment company at 719 Fourth Avenue, Holdrege, Phelps County, Nebraska, and that, therefore, the application should be denied and an order should be entered denying the applicant a license to conduct an industrial loan and investment company." An order denying the license was issued.

This order was then appealed to the District Court for Lancaster County. At this time a different district judge presided and affirmed the order of denial on November 24, 1980. A motion for new trial was filed, and after hearing thereon the court reversed its position after making findings and entered the following order: "IT IS THEREFORE ORDERED, ADJUDGED AND DECREED, that the order entered by me on October [sic November] 24, 1980, which was done in the September, 1980 term of this court is set aside.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that this matter be and it is hereby remanded with directions to proceed in conformity with Judge Fahrnbruch's order of August 15, 1979, entered in Docket 321 Page 270 of the records of this court. Costs are taxed against the appellee. This order entered in the September, 1980 term of this court."

The appellants make the following assignments of error: (1) The District Court erred in finding that it had the authority to restrict further proceedings of

an administrative agency. (2) The District Court erred in finding that the original order of remand to the department was intended to restrict the department. (3) The District Court erred in not deciding that there was sufficient evidence to support the decision of the department. (4) The District Court erred in finding that the department had not complied with the order of the District Court of August 15, 1979.

Appellants rely upon the following propositions and authorities. The District Court, in hearing an appeal from an administrative agency, is limited by the provisions of Neb. Rev. Stat. § 84-917(6) (Reissue 1976) which provides: "(6) The court may affirm the decision of the agency or remand the case for further proceedings; or it may reverse or modify the decision if the substantial rights of the petitioner may have been prejudiced because the agency decision is:

"(a) In violation of constitutional provisions;

"(b) In excess of the statutory authority or jurisdiction of the agency;

"(c) Made upon unlawful procedure;

"(d) Affected by other error of law;

"(e) Unsupported by competent, material, and substantial evidence in view of the entire record as made on review; or

"(f) Arbitrary or capricious."

A decision of the Department of Banking and Finance should be affirmed where it has acted within its jurisdiction and there is some competent evidence to sustain its finding and order. *Southwestern Bank & Trust Co. v. Dept. of Banking and Finance,* 206 Neb. 599, 294 N.W.2d 343 (1980); *First Nat. Bank & Trust Co. v. Ley,* 182 Neb. 164, 153 N.W.2d 743 (1967). On remand, an administrative agency is required to follow the court's determination of questions of law but it is not foreclosed from enforcing the legislative policy committed to it. *Federal*

*Comm'n v. Broadcasting Co.,* 309 U.S. 134, 60 S. Ct. 437, 84 L. Ed. 656 (1940); *Braniff Airways, Incorporated v. C. A. B.,* 379 F.2d 453 (D.C. Cir. 1967); *New York, N. H. & H. R. Co., 1st Mtg. 4% B. C. v. United States,* 305 F. Supp. 1049 (S.D. N.Y. 1969); *City of Tucson v. Mills,* 114 Ariz. 107, 559 P.2d 663 (1976); *State, ex rel., v. Board,* 54 Ohio St. 2d 75, 374 N.E.2d 1355 (1978); *Metal Products v. Admr.,* 41 Ohio St. 2d 143, 324 N.E.2d 179 (1975).

In *Federal Comm'n v. Broadcasting Co., supra,* the U.S. Supreme Court was faced with a factual situation nearly identical to this case. The Pottsville Broadcasting Company had sought a permit from the FCC to operate a broadcasting station. The application was denied by the FCC and its decision was reversed by the Court of Appeals and remanded for reconsideration in accordance with the views expressed by the court. On remand, the FCC decided to conduct a new hearing with other parties and issues. The Court of Appeals then issued a writ of mandamus against the FCC, and the case was appealed to the U.S. Supreme Court. The Court held: "On review the court may thus correct errors of law and on remand the Commission is bound to act upon the correction. . . . But an administrative determination in which is imbedded a legal question open to judicial review does not impliedly foreclose the administrative agency, after its error has been corrected, from enforcing the legislative policy committed to its charge." 309 U.S. at 145. In *Fly v. Heitmeyer,* 309 U.S. 146, 60 S. Ct. 443, 84 L. Ed. 664 (1940), the U.S. Supreme Court said at 148: "But the Commission's duty was to apply the statutory standard in deciding which of the applicants was to receive a permit after it fell into legal error as well as before. If, in the Commission's judgment, new evidence was necessary to discharge its duty, the fact of a previously erroneous denial should not, according to the principles enunciated in the *Pottsville*

case, *ante*, bar it from access to the necessary evidence for correct judgment." The appellants also cite *City of Tucson v. Mills, supra; State, ex rel., v. Board, supra;* and *Metal Products v. Admr., supra,* which are to similar effect.

The appellee Phelps County Savings Company argues that the authorities cited by the appellants are distinguishable from the case at hand and not applicable because, on the first appeal to the District Court, that court decided not only that the department had made an error of law in not disclosing the results of its investigation but had also reached the merits of the case where it stated in its findings: "That if believed, appellant's evidence before the appellee standing alone was prima facie sufficient to show 'public necessity, convenience and advantage' under Sec. 8-401.01 R.R.S., 1943, without explanation for rejection." The appellee therefore concludes that if the department offered no evidence on the rehearing, it would be required to order the issuance of the license since the District Court had found that a prima facie case had been made if the evidence "was believed." Appellees rely upon the following propositions and authorities: When a judgment is reversed and remanded with instructions to proceed in conformance with the findings and order herein, such language indicates a decision on the merits by the court, and the findings of the court become a part of the mandate. *Rogers v. Hill,* 289 U.S. 582, 53 S. Ct. 731, 77 L. Ed. 1385 (1933); *Asbra v. Dean,* 160 Neb. 6, 68 N.W.2d 696 (1955). Where the evidence before an administrative agency is all one way, and the agency finds to the contrary, the finding so made constitutes error of law, which it is the duty of the court to reverse. *State ex rel. Spurck v. Civil Service Board,* 226 Minn. 240, 32 N.W.2d 574 (1948); *Sebring v. Caporal,* 452 P.2d 777 (Okla. 1969).

*State ex rel. Spurck v. Civil Service Board, supra,* involved an appeal by a civil service employee from

his dismissal. Under the applicable Minnesota statutes, the appealing employee was entitled to a trial de novo before the board with all the incidents of a trial, including the right to be heard, the production of witnesses and documents, the taking of evidence, examination and cross-examination of witnesses, representation by counsel, presentation of arguments, decision upon the merits, and everything incident thereto. The Supreme Court of Minnesota on appeal held that on certiorari the court does not reweigh the evidence and determine which of conflicting versions of the facts should be adopted, but where the evidence as a matter of law compels a certain finding and the administrative finding is to the contrary, the finding so made constitutes error of law which the court must reverse. In *Sebring v. Caporal, supra,* the Oklahoma Supreme Court said that a decision of the banking board denying the application for a banking charter was erroneous in view of reliable, probative, and substantial competent evidence that the proposed bank was economically feasible, that the capital structure of the proposed bank was adequate, that future earnings of such bank were favorable, and that there was public necessity for the proposed bank.

*Rogers v. Hill, supra,* did not involve an appeal from an administrative agency having special functions, but from one court to another, and the point at issue was the interpretation of the mandate made upon the reversal. *Asbra v. Dean, supra,* involved the interpretation of a mandate in an appeal from the District Court to the Supreme Court.

Section 84-917 does not provide for a de novo review on the record by the District Court or in this court. *Southwestern Bank & Trust Co. v. Dept. of Banking and Finance,* 206 Neb. 599, 294 N.W.2d 343 (1980); *First Nat. Bank & Trust Co. v. Ley,* 182 Neb. 164, 153 N.W.2d 743 (1967). In *Southwestern Bank & Trust,* we said: "[I]n *First Nat. Bank of Bellevue*

*v. Southroads Bank,* 189 Neb. 748, 750, 205 N.W.2d 346, 347-48 (1973): '[T]he determination of public necessity, convenience, and advantage has been committed to the discretion and expertise of the Department of Banking. This court is not a super-regulatory body to review the policy or wisdom reflected in determinations made by the Department of Banking as to such issues. Where it appears in an error proceeding that an administrative agency has acted within its jurisdiction and there is some competent evidence to sustain its findings and order, the order of the administrative agency will be affirmed.'

. . . .

"In 1 Michie on Banks and Banking 162-64 (rev. ed. 1973), a Nebraska case is cited as support for the proposition, discussed in the section entitled 'Discretion and Power in State Offices and Boards,' that: 'It has been held, however, that under the statutory provisions in certain states the commissioner of banking or other banking authority is vested with discretionary power to approve or reject applications for chartering a bank. And under such statutory provisions the refusal of the commissioner of banking to approve an application for a charter in a proper exercise of such discretionary power is not subject to judicial review on the ground that a different decision should have been made, unless it clearly appears that he has willfully and arbitrarily disregarded his duty, or that his decision was due to caprice, passion, partiality or corruption.' '' 206 Neb. at 603-05, 294 N.W.2d at 345-46.

In the first appeal to the District Court, that court correctly remanded the cause because the department had not disclosed evidence of its investigation, if any, upon which it had relied and had not given the appellant an opportunity to challenge it. In so doing, the District Court determined the department made an error of law. We hold, however, that this particular error could be corrected by holding a

completely new hearing in accordance with the principles we have cited earlier in *Federal Comm'n v. Broadcasting Co.,* 309 U.S. 134, 60 S. Ct. 437, 84 L. Ed. 656 (1940), and *Fly v. Heitmeyer,* 309 U.S. 146, 60 S. Ct. 443, 84 L. Ed. 664 (1940).

In both hearings before the department, it concluded that the evidence did not support a finding that the public necessity, convenience, and advantage to the community in which the business of the applicant was to be conducted would be served thereby. It is for the department to determine whether the evidence, even if not contested, is of such a nature as to prove the above requirement and is to be believed.

We have examined the record of both hearings before the department. Much of the evidence in these cases necessarily takes the form of projections which are essentially predictions as to growth of the community, and in case of an industrial loan and investment company, its ability to obtain funds by issuing certificates of indebtedness and to lend those funds profitably. In neither hearing can it be said that the evidence was such that it compelled a finding of public necessity, convenience, and advantage. The order of the District Court of January 8, 1981, is reversed and the order made by the District Court on November 24, 1980, is reinstated.

REVERSED.

KRIVOSHA, C.J., participating on briefs.