**Brenda WHITE, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF THE ARMY, Respondent.**

No. 82–2093.

United States Court of Appeals, District of Columbia Circuit.

Argued Sept. 22, 1983.

Decided Nov. 1, 1983.

As Amended Nov. 1, 1983.

William S. Aramony, Washington, D.C., with whom James H. Heller, Washington, D.C., was on the brief, for petitioner.

Jeffrey N. Gibbs, Sp. Asst. U.S. Atty., with whom Stanley S. Harris, U.S. Atty., and Royce C. Lamberth, R. Craig Lawrence, and Michael J. Ryan, Asst. U.S. Attys., Washington, D.C., were on the brief, for respondent.

Evangeline W. Swift, Atty., Merit Systems Protection Bd., Washington, D.C., entered an appearance for the Board.

Before WRIGHT and WILKEY, Circuit Judges, and MacKINNON, Senior Circuit Judge.

Opinion for the court filed by Circuit Judge J. SKELLY WRIGHT.

J. SKELLY WRIGHT, Circuit Judge:

Petitioner in this case is a program analyst in the Department of the Army (Department). After completing a 52-week waiting period, she became eligible for a periodic within-grade step increase in pay on November 8, 1981. An employee has a statutory right to periodic within-grade step increases as long as certain conditions are met. 5 U.S.C. § 5335(a) (1982). One such condition is that "the work of the employee * * * [must be] of an acceptable level of competence as determined by the head of the agency." 5 U.S.C. § 5335(a)(B). Because of her supervisor's determination that petitioner had not performed her work at an acceptable level of competence, her increase was withheld. This determination was reconsidered by the Department at her request and was sustained. Petitioner then appealed to the Merit Systems Protection Board (MSPB), as was her right under 5 U.S.C. § 5335(c). MSPB sustained the determination of unacceptable performance after requiring the Department to show that the determination was supported by substantial evidence.

## I. REACHING THE ISSUE OF STATUTORY CONSTRUCTION

Petitioner argues that this case involves a narrow question of statutory construction stemming from the appellate procedure provisions of the Civil Service Reform Act of 1978, 5 U.S.C. § 7701 (1982): Should MSPB apply the "substantial evidence" standard or the "preponderance of the evidence" standard when reviewing a federal agency's denial to an employee of a periodic within-grade step increase in pay. The standard of review that MSPB is to apply to agency personnel determinations is set out in 5 U.S.C. § 7701(c)(1)(A) and (B). Paragraph (A) prescribes the substantial evidence standard for review of any "action based on unacceptable performance described in section 4303," while paragraph (B) prescribes the preponderance of the evidence standard for "any other case." The issue petitioner raises is therefore whether a denial of a periodic within-grade step increase in pay that is based on unacceptable performance should be governed by paragraph (A) or (B).

Respondent argues that we should not reach this issue of statutory construction because MSPB's decision should be affirmed regardless of the statutory question's resolution. For the following reasons we disagree and therefore do reach the statutory issue.

First, respondent argues that the decision of MSPB's presiding official, although purporting to apply the substantial evidence test, expressed his factual findings with such confidence that he would clearly have reached the same conclusion had he been applying the preponderance of the evidence standard. Brief for respondent at 8–9. We cannot make such an extreme assumption. The presiding official expressly stated that he was applying the substantial evidence test and there was nothing in his opinion to indicate his views on the sufficiency of the evidence under any other standard. *See White v. Dep't of the Army,* Case No. DC 531D8210681 (MSPB, Washington Regional Office, July 16, 1982) at 2–3, Joint Appendix at 2–3. Indeed, the presiding official did little more than use such words as "proven," "shown," and "clearly established" in evaluating the evidence.

Second, respondent argues that this court should affirm because an independent assessment of the evidence would show that the personnel action would in any case be sustainable under the preponderance of the evidence standard. Brief for respondent at 9–11. We refuse to make such an independent inquiry into the sufficiency of the evidence. Such an inquiry is properly the province of the agency, not this court. If MSPB relied on incorrect legal grounds, it would be error for this court to enforce without first remanding for agency examination of the evidence and proper fact-finding. *See First Nat'l Maintenance Corp. v. NLRB,* 452 U.S. 666, 672 n. 6, 101 S.Ct. 2573, 2577 n. 6, 69 L.Ed.2d 318 (1981). "[A]n administrative order cannot be upheld unless the grounds upon which the agency acted in exercising its powers were those upon which its action can be sus-

tained." *SEC v. Chenery Corp.,* 318 U.S. 80, 95, 63 S.Ct. 454, 462, 87 L.Ed. 626 (1943). *See generally* 3 K. DAVIS, ADMINISTRATIVE LAW TREATISE § 14:29, at 128 (2d ed. 1980) ("Even if the evidence in the record, combined with the reviewing court's understanding of the law, is enough to support the order, the court may not uphold the order unless it is sustainable on the agency's findings *and for the reasons stated by the agency.*") (emphasis added). We reject the assertion that we can avoid examining the law by instead independently examining the sufficiency of the evidence.

Third, respondent argues that because petitioner remained silent below when respondent urged MSPB's presiding official to apply the substantial evidence standard, she should not now be able to raise the statutory issue before this court. Brief for respondent at 6–8. As support, respondent cites the "well-established principle of administrative law * * * that courts will not overturn an agency action on a ground never presented to the agency." Brief for respondent at 7, *citing Unemployment Comp. Comm'n of Alaska v. Aragon,* 329 U.S. 143, 155, 67 S.Ct. 245, 251, 91 L.Ed. 136 (1946). For a number of reasons we believe that this principle should not apply to this case.

While respondent states the general rule, that rule is a flexible one. *See Hormel v. Helvering,* 312 U.S. 552, 556–557, 61 S.Ct. 719, 721, 85 L.Ed. 1037 (1941). "The matter of what questions may be taken up and resolved for the first time on appeal is one left primarily to the discretion of the courts of appeals, to be exercised on the facts of individual cases." *Singleton v. Wulff,* 428 U.S. 106, 121, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976). Exercise of that discretion is particularly appropriate where, as here, the question is a purely legal one, the resolution of which would not be aided by any further factual development. *Cf. United States v. Krynicki,* 689 F.2d 289, 291–292 (1st Cir. 1982). *See also* Fuchs, *Prerequisites to Judicial Review of Administrative Agency Action,* 51 IND.L.J. 817, 899 (1976) (a judicial decision is most justified when "legal answers turn on the interpretation of ordinary words used in statutes").

While it may nevertheless be important for a reviewing court to refrain from interpreting a statute until it has the benefit of the agency's interpretation, in this case MSPB has fully stated its position and reasoning on this issue. *See Parker v. Defense Logistics Agency,* 1 MSPB 489, 499–506 (1980). Although petitioner should ideally have given MSPB an opportunity to reconsider its *Parker* position in the proceeding below, *see* brief for respondent at 8 n. 6, petitioner's silence during the proceeding was understandable. At the time of the proceeding below, *Parker* had already been decided and its conclusion that the substantial evidence test should apply had been upheld by the Court of Claims in *Meyer v. Dep't of Health & Human Services, Social Sec. Admin.,* 666 F.2d 540 (Ct.Cl.1981). Although there had been a contrary judicial determination holding that *Parker* was wrong and that the preponderance of the evidence standard should apply, this had only occurred a few days before petitioner's proceeding. *See Schramm v. Dep't of Health & Human Services,* 682 F.2d 85 (3d Cir.1982). (*Schramm* was decided on June 28, 1982 and petitioner's MSPB proceeding was on July 7, 1982.) Given this chronology, it would seem unjust to prevent petitioner from raising the standard of review issue on appeal. *Cf. Hormel v. Helvering, supra,* 312 U.S. at 557–560, 61 S.Ct. at 721–723 (reviewing court properly decided legal issue not presented below because that legal issue was raised by case subsequent to administrative proceeding).

## II. THE STATUTORY LANGUAGE

The language of the statute seems clear: Paragraph (A) only applies to agency "action based on unacceptable performance *described in section 4303*" (emphasis added), and Section 4303 only refers to decisions to remove or reduce the grade of an employee. The section contains no reference to decisions denying an employee a within-grade step increase in pay. Those decisions are exclusively described in Section 5335. Thus, under the plain language of the stat-

ute, paragraph (B) and its preponderance of the evidence standard would govern.

Respondent argues that the statute's language is not unambiguous. The argument is that Congress could have simply said "action under section 4303" rather than "action based on unacceptable performance described in section 4303." *See* brief for respondent at 12; *see also Parker v. Defense Logistics Agency, supra,* 1 MSPB at 501. Whether or not other unambiguous wording was possible, we find no ambiguity in the wording Congress chose. Under the statute's plain meaning paragraph (B) and its preponderance of the evidence standard govern.

### III. THE STATUTE'S CLEAR LANGUAGE SHOULD BE FOLLOWED

In this case, as in prior cases of this type, MSPB has applied the substantial evidence standard, even though it has recognized that this runs counter to the clear language of Section 7701(c)(1). The Board has argued that this deviation from the statute's clear language is necessary to avoid an absurd result, and that it is further justified by the legislative history. *See Parker v. Defense Logistics Agency, supra,* 1 MSPB at 499–506. The Board's reasoning has been supported by the Court of Claims in *Meyer v. Dep't of Health & Human Services, Social Sec. Admin., supra.* The Third and Fifth Circuits, however, have rejected the Board's reasoning and have concluded that the clear statutory language must control because the results, although not ideal, would hardly be as irrational as the Board contends, and because the legislative history is more ambiguous than the Board admits. *See Stankis v. EPA,* 713 F.2d 1181 (5th Cir.1983); *Schramm v. Dep't of Health & Human Services, supra.* We generally agree with the reasoning of the *Stankis* and *Schramm* decisions, and we therefore reverse the Board's decision in this case and remand for reconsideration under the preponderance of the evidence standard.

MSPB defends its use of the substantial evidence standard by arguing that a literal application of the statute would produce an absurd result: An agency could impose the most severe sanctions against an employee (removal from office or reduction in grade) where there was merely substantial evidence to support a determination of unacceptable performance, but for an agency to impose the more moderate sanction of withholding a periodic wage increase it would need to justify its determination by the more difficult preponderance of the evidence standard. In order to avoid this, MSPB has in effect rewritten the statute by applying the more flexible substantial evidence standard to *all* performance-based decisions, whether or not they are "described in section 4303."

While the result of applying the statute's clear language might seem counter-intuitive, we cannot say it is so irrational as to justify "rewriting" the statute through judicial or administrative decision. Indeed, the Fifth Circuit in *Stankis* pointed out that "there is * * * ample evidence that Congress meant to distinguish between removals or reductions in grade on one hand and less severe sanctions on the other" in order that "incompetent government employees should not merely be retained and disciplined, but should be demoted or fired." 713 F.2d at 1185. The less demanding standard for reviewing the more severe sanctions might thus reflect the fact that "Congress may have intended to encourage dismissal as the preferred sanction—the congressional history is filled with references to how the primary purpose of the law is to make it easier to *remove* incompetent employees." *Id.* at 1186 (emphasis in original).

MSPB supports its position with a variety of citations to the legislative history of the Civil Service Reform Act. It contends that this history shows a congressional desire to divide personnel actions into two groups and to treat them differently—the first group would encompass all actions based on unacceptable performance and would be subject to substantial evidence review, the second group would encompass all actions based on misconduct and would be subject to preponderance of the evidence review. Although we disagree with MSPB's conclu-

sion, there is evidence in the legislative history that is consistent with its view. The House Conference Report, for example, seemed to describe Section 7701(c)'s prescription of substantial evidence review as applying to performance-based decisions in general:

> In performance cases a lower standard of proof should be required because of the difficulty of proving that an employee's performance is unacceptable. The [section] therefore provides that an agency's decision in performance cases shall be upheld if its action is supported by substantial evidence in the record before the MSPB.

H.R.Conf.Rep. No. 1717, 95th Cong., 2d Sess. 139 (1978), U.S.Code Cong. & Admin. News 1978, pp. 2723, 2872. Similarly, the Senate Report on an earlier version of the bill emphasized that it was advisable to have a more deferential standard of review in unacceptable performance cases than in misconduct cases because unacceptable performance cases usually involve evaluations of agency expertise while misconduct cases are "more susceptible to the normal kind of evidentiary proof, and the nature of the proceeding is more disciplinary in nature." S.Rep. No. 969, 95th Cong., 2d Sess. 54 (1978), U.S.Code Cong. & Admin.News 1978, p. 2776.

In *Meyer* the Court of Claims concluded that, based on the legislative history, "the substantial evidence standard of review for [within-grade pay increase] actions provides a result more in line with the general scheme of the act." 666 F.2d at 545. This may be true. But even if the result of using the substantial evidence standard may seem to us to be somewhat preferable in light of the "general scheme of the act," the legislative history and intent would have to be particularly unambiguous and instructive to overcome language as clear as that of the statute at issue. Here that is not the case.

In *Schramm* the Third Circuit found that the statements from the legislative history, when "read in context, [should be understood as] refer[ring] specifically to removals or reductions in grade under § 4303, and not to performance-related cases generally." 682 F.2d at 89. Just as we cannot say that the Court of Claims' reading of the legislative history is unreasonable, we cannot say that the Third Circuit's reading is unreasonable. The legislative history is at best ambiguous as to the specific provision in question, and the general legislative goals are not particularly instructive on this issue. In light of this we reverse. As the Fifth Circuit wrote in *Stankis*:

> We do not struggle to define the unequivocal intent of Congress. * * * The wording of the statute is plain and clear. Ambiguous legislative history is not sufficient to sway us from the obvious and plain meaning of the statute. It is our responsibility to uphold the law as passed by Congress, not revise it in our image of what Congress might have wanted. * *

713 F.2d at 1186.

Obviously, we have not deferred to the interpretation of 5 U.S.C. § 7701 that MSPB had adopted in *Parker v. Defense Logistics Agency, supra,* and has followed in subsequent cases. Although respondent has urged this court to defer to MSPB's interpretation, brief for respondent at 11, MSPB's position is not entitled to such deference. While it is true that "[w]hen faced with a problem of statutory construction, [courts should] show[ ] great deference to the interpretation given the statute by the officers charged with its administration," *Udall v. Tallman,* 380 U.S. 1, 16, 85 S.Ct. 792, 801, 13 L.Ed.2d 616 (1965), we agree with the Third Circuit that this case should not be decided by this principle. *See Schramm v. Dep't of Health & Human Services, supra,* 682 F.2d at 90 n. 11. MSPB's *Parker* decision, which first adopted the view that denials of within-grade step increases should be subject to the substantial evidence standard, not only contradicted clear statutory language but also the clear language of MSPB's own regulations. *See Parker, supra,* 1 MSPB at 504 & n. 32. Although *Parker* called for their modification, the regulations have never been modi-

fied. Since their initial establishment pursuant to the Civil Service Reform Act of 1978, the relevant regulations have gone unchanged. They follow the plain statutory language to conclude that:

Under 5 U.S.C. 7701(c)(1) [an] agency['s personnel] action must be sustained by the Board if:

(i) It is brought under 5 U.S.C. 4303 and is supported by substantial evidence; or

(ii) It is brought under any other provision of law or regulation and is supported by a preponderance of the evidence.

5 C.F.R. § 1201.56(a)(i) & (ii) (1983).

In light of this continuing ambiguity in MSPB's official interpretation—saying one thing in its case law and the opposite in its regulations—and in light of the clarity of the statutory language, the narrowness of the legal issue, and its susceptibility to judicial resolution, we do not think that the *Parker* decision is the sort of "longstanding contemporaneous administrative construction" that would be entitled to significant deference. *Consumer Product Safety Comm'n v. GTE Sylvania, Inc.,* 447 U.S. 102, 120, 100 S.Ct. 2051, 2062, 64 L.Ed.2d 766 (1980). *Cf. General Electric Co. v. Gilbert,* 429 U.S. 125, 142, 97 S.Ct. 401, 411, 50 L.Ed.2d 343 (1976) (refusing to defer to agency interpretation of its governing statute where that interpretation contradicted agency's earlier view).

It may be that MSPB is right and Congress' wording of Section 7701(c)(1)(A) was a mistake. But nothing that we have been shown in the legislative history or in the overall statutory structure or purpose compels us to reach that conclusion. If the wording of the statute was an oversight, Congress can correct it.

*Reversed and remanded.*