**Effie Ann ROMANE, Petitioner,**

v.

**DEFENSE CONTRACT AUDIT AGENCY, Respondent.**

**Appeal No. 85–512.**

United States Court of Appeals, Federal Circuit.

April 26, 1985.

Stuart A. Kirsch, American Federation of Government Employees, of College Park, Georgia, argued for petitioner. With him on the brief was Mark Roth.

Stephen R. Bergenholtz, Commercial Litigation Branch, Dept. of Justice, of Washington, D.C., argued for respondent. With him on the brief were Richard K. Willard, Acting Asst. Atty. Gen., David M. Cohen, Director, Thomas W. Petersen, Asst. Director and R. Anthony McCann, Washington, D.C.

Before BENNETT, SMITH and BISSELL, Circuit Judges.

BISSELL, Circuit Judge.

The decision of the Merit Systems Protection Board (Board), Docket Number AT531D8410142, 22 M.S.P.R. 656 (1984), affirming the reconsideration decision of the Defense Contract Audit Agency which had sustained the denial of a within-grade pay increase for Effie Ann Romane is affirmed.

## BACKGROUND

Romane has been employed as a Clerk (Typist) in the Atlanta Branch Office of the Defense Contract Audit Agency (agency) since the fall of 1979. In March 1981, she was promoted to GS–4 and in April 1982, to GS–5. As a GS–4 and GS–5, her position, although labeled as Clerk (Typist), was also known as Voucher Clerk, and included duties in addition to her Clerk (Typist) responsibilities. Romane was denied a within-in-grade pay increase (WGPI) by the agency from GS–5 step 2 to step 3 for a rating period ending June 5, 1983. Romane was issued a reconsideration decision on October 20, 1983, by the agency affirming the denial of the WGPI and she appealed this reconsideration decision to the Board.

The Board's presiding official rendered a decision on March 9, 1984, affirming the denial of Romane's WGPI. In the decision the presiding official stated:

> An agency may grant a within-grade increase only if an employee's performance is 'of an acceptable level of competence.' 5 U.S.C. § 5335(a); 5 C.F.R. § 531.404. In this case, the agency must prove by substantial evidence that appellant's performance was not of such a level and that it, therefore, properly denied her within-grade increase.

The presiding official's conclusion that Romane's performance was not of an acceptable level of competence was predicated on the following finding:

> In summary, I have found that the agency has proven by substantial evidence that appellant's performance in the critical elements of voucher processing and maintaining of contract briefing cards was unacceptable during the applicable waiting period.

The presiding official's initial decision became final pursuant to 5 C.F.R. § 1201.-113(b) (1983).

## ISSUE

The sole issue before us is whether "substantial evidence" is the appropriate standard for reviewing the agency's determination to deny Romane a WGPI.

## OPINION

This court has jurisdiction under 28 U.S.C. § 1295(a)(9) to hear an appeal pursuant to 5 U.S.C. § 7703(b)(1). *Carroll v. Department of Health and Human Services*, 703 F.2d 1388 (Fed.Cir.1983).

In *South Corp. v. United States*, 690 F.2d 1368, 1370–71 (Fed.Cir.1982) (in banc), this court adopted as binding precedent the prior decisions of our predecessor courts, the United States Court of Claims and the United States Court of Customs and Patent Appeals. Consequently, in the absence of an in banc consideration of this case, we are bound by the decision in *Meyer v. Department of Health and Human Services*, 666 F.2d 540, 229 Ct.Cl. 151 (1981), in which the Court of Claims held that the appropriate standard for review by the Board of an agency's decision to withhold an employee's scheduled within-grade pay increase is, under 5 U.S.C. § 7701(c)(1)(A), substantial evidence. *Meyer*, 666 F.2d at 545. Recognizing this, Romane filed a suggestion for hearing in banc. However, since no member of this panel nor any judge on the court requested a polling on a hearing in banc (Federal Rule of Appellate Procedure 35 and Federal Circuit Local Rule 19), the suggestion for initial hearing in banc was declined on March 15, 1985. Therefore, the decision of the Court of Claims in *Meyer* continues as binding precedent and this panel is without the ability to alter the holding of *Meyer*. Nor do we wish to.*

Accordingly, the decision of the Board is affirmed.

AFFIRMED.

---

* We are convinced of the correctness of the *Meyer* decision although we recognize other circuits have reached contrary results, *e.g., Ommaya v. National Institutes of Health,* 726 F.2d 827 (D.C. Cir.1984); *White v. United States Department of the Army,* 720 F.2d 209 (D.C.Cir.1983); *Stankis v. Environmental Protection Agency,* 713 F.2d 1181 (5th Cir.1983); *Schramm v. Department of Health and Human Services,* 682 F.2d 85 (3rd Cir.1982).