PPG INDUSTRIES, INC., Appellee

v.

UNITED STATES of America, et al., Appellants.

No. 94–5043.

United States Court of Appeals, District of Columbia Circuit.

Argued March 20, 1995.

Decided April 21, 1995.

Fred E. Haynes, Asst. U.S. Atty., Washington, DC, argued the cause for appellants. With him on the briefs were Eric H. Holder, Jr., U.S. Atty., John D. Bates and R. Craig Lawrence, Asst. U.S. Attys., and James D. Henry, Associate Sol., U.S. Dept. of Labor.

Susan S. Sauntry, Washington, DC, argued the cause and filed the brief for appellee.

Before: SILBERMAN, BUCKLEY, and GINSBURG, Circuit Judges.

SILBERMAN, Circuit Judge:

The Department of Labor appeals from the district court's summary judgment order which declined to remand this case to the Department. We reverse.

## I.

In May 1986 the Department of Labor's Office of Federal Contract Compliance Programs (OFCCP) filed an administrative complaint charging PPG Industries with violating § 503 of the Rehabilitation Act, 29 U.S.C. § 793 (1988), by failing to hire James Thompson, an epileptic, as a production laborer at its automobile glass manufacturing plant in Tipton, Pennsylvania. At the time Thompson applied for work, § 503 required that, "in employing persons to carry out" federal contracts in excess of $2,500 or more, contractors and subcontractors "take affirmative action to employ and advance in employment qualified handicapped individuals." 29 U.S.C. § 793(a).* The Department enforced § 503 through implementing regulations, 41 C.F.R. Part 60–741, including a regulatory presumption that subjected a federal contractor's entire operations to § 503 requirements unless the contractor sought and received a waiver for any of its operations found to be "in all respects separate and distinct from activities ... related to the performance of the contract or subcontract." 41 C.F.R. § 60–741.3(a)(5) (1994).

In proceedings before an Administrative Law Judge on Thompson's claim, OFCCP relied on the waiver regulation in asserting jurisdiction over PPG's Tipton plant. Although OFCCP had also sought limited discovery as to whether any federal contract work was performed at Tipton, none of this evidence, apart from a plant manager's testimony regarding Tipton's products, was introduced before the ALJ. PPG challenged the agency's jurisdiction by arguing, *inter alia*, that the regulation was overbroad and invalid under the statute. Under PPG's theory, OFCCP could not establish a § 503 violation absent a showing that work on the federal contract was actually done at the Tipton plant and that Thompson would have been employed to "carry out" such work.

---

* In 1992, the Rehabilitation Act was amended to delete the language requiring affirmative action only for persons "employ[ed] to carry out such contract." *See* 29 U.S.C. § 793(a) (1988 & 1994 Supp.). Thus the jurisdictional problem presented here has been eliminated for cases arising under the amended section.

The ALJ rejected PPG's jurisdictional arguments, and determined that OFCCP properly relied on the waiver regulation in proceeding against PPG. Based on medical testimony that Thompson had been seizure-free for at least two years before applying for work, the ALJ then concluded that Thompson was a qualified handicapped individual who was unlawfully excluded from the production laborer position because of his disability, and awarded him retroactive seniority and back pay.

The Deputy Assistant Secretary for Employment Standards upheld the ALJ's finding that PPG violated § 503 and its implementing regulations in a Final Decision of January 9, 1989. The Deputy Assistant Secretary also rebuffed PPG's argument concerning the waiver regulation, noting that it had been rejected in a prior agency adjudication, *OFCCP v. Western Elec. Co.*, 80–OFCCP–29 (April 24, 1985). He remanded the proceeding to the ALJ so that the back pay calculations could be brought up to date, and ordered that Thompson be awarded retroactive seniority within sixty days upon penalty of contract cancellation and debarment.

PPG sought review of the Department's decision in district court under the APA, requesting, *inter alia,* a declaration that the waiver regulation upon which OFCCP relied in asserting jurisdiction was invalid. While the parties' cross-motions for summary judgment were pending, PPG advised the court of the decision of a district judge in another case, *Washington Metro. Area Transit Auth. v. DeArment,* 55 Empl. Prac. Dec. ¶ 40,507, 1991 WL 185167 (D.D.C. Jan. 3, 1991) (*WMATA*), holding that the waiver regulation impermissibly extended the original statute's coverage beyond those employees hired to "carry out" the federal contract. *Id.* at 65,560. Some months later—apparently after determining that it would not appeal the *WMATA* decision—the Department of Labor filed a motion for remand in the PPG case, to allow OFCCP the opportunity to establish proof, following *WMATA,* that Thompson would have worked on a covered federal contract or subcontract at Tipton.

The district court denied the motion for remand and granted PPG's motion for summary judgment on the jurisdictional issue. Relying on the reasoning in *WMATA,* the court concluded that the Department lacked jurisdiction over PPG in the Thompson case and enjoined the agency from enforcing its Final Decision. The court declared that remand would be "inappropriate," "counterproductive," and "unfair to PPG," as "the evidence indicates that OFCCP did try to develop the issue of jurisdiction" in the agency proceeding. The Department of Labor appealed.

## II.

■ The sole issue raised by the Department on appeal is whether the district court erred in denying the Department's motion for remand after concluding that the Department's decision rested on an incorrect legal standard. When a final agency action is challenged under the APA in district court, if the relevant substantive statute does not provide for direct review in the court of appeals, the district court does not perform its normal role. Instead, it "sits as an appellate tribunal, not as a court authorized to determine in a trial-type proceeding whether the [agency's decision] was factually flawed." *Marshall County Health Care Auth. v. Shalala,* 988 F.2d 1221, 1225 (D.C.Cir.1993). For the district court in this case, just as for us, "[t]he entire case on review is a question of law, and only a question of law." *Id.* at 1226.

■ Under settled principles of administrative law, when a court reviewing agency action determines that an agency made an error of law, the court's inquiry is at an end: the case must be remanded to the agency for further action consistent with the corrected legal standards. *SEC v. Chenery Corp.,* 318 U.S. 80, 94–95, 63 S.Ct. 454, 462–63, 87 L.Ed. 626 (1943); *see South Prairie Constr. Co. v. Int'l Union of Operating Eng'rs,* 425 U.S. 800, 806, 96 S.Ct. 1842, 1845, 48 L.Ed.2d 382 (1976); *Federal Power Comm'n v. Idaho Power Co.,* 344 U.S. 17, 20, 73 S.Ct. 85, 86–87, 97 L.Ed. 15 (1952); *Global Van Lines, Inc. v. ICC,* 804 F.2d 1293, 1305 n. 95 (D.C.Cir.1986) ("We agree with the Commission that when an agency committing an error of law has discretion to determine in the first instance how it should be rectified,

the proper course is to remand the case for further agency consideration in harmony with the court's holding.") (*citing cases*); *Ommaya v. National Institutes of Health,* 726 F.2d 827, 830 (D.C.Cir.1984) (remanding after determining that the MSPB applied erroneous evidentiary standard: "[i]f MSPB relied on incorrect legal grounds, it would be error for this court to enforce without first remanding for agency examination of the evidence and proper fact-finding." (quoting *White v. United States Dept. of Army,* 720 F.2d 209, 210 (D.C.Cir.1983))).

■ PPG argues, however, that the Solicitor of Labor (representing OFCCP before the Secretary) "waived" his opportunity to establish jurisdiction over the Tipton plant through introduction of evidence as to the actual work performed there. Having relied on the regulation to establish jurisdiction, the Solicitor cannot seek to make out jurisdiction through new evidence. To permit him to do so would be "unfair" to PPG.

But there is no principle of administrative law that restricts an agency from reopening proceedings to take new evidence after the grounds upon which it relied are determined by a reviewing court to be invalid. Indeed, the Supreme Court has specifically indicated that a reopening is one of the courses an agency may follow after a reviewing court has determined that the agency's initial determination included an error of law. In *NLRB v. Food Store Employees Union,* 417 U.S. 1, 10–11, 94 S.Ct. 2074, 2080, 40 L.Ed.2d 612 (1974), the Court reversed (this court) with instructions to remand to the Board so as to permit the Board to take "additional evidence ... to reframe its order." 417 U.S. at 10, 94 S.Ct. at 2080. Similarly, in *Fly v. Heitmeyer,* 309 U.S. 146, 148, 60 S.Ct. 443, 444, 84 L.Ed. 664 (1940), the Court dissolved a writ of mandamus issued by this court directing the FCC to restrict consideration of a license application on remand to the record originally before it. The Court noted that "the Commission's duty was to apply the statutory standard in deciding which of the applicants was to receive a permit after it fell into legal error as well as before," and concluded that "[i]f, in the Commission's judgment, new evidence was necessary to discharge its duty, the fact of a previously erro-

neous denial should not ... bar it from access to the necessary evidence for correct judgment." *See also Havas v. Bowen,* 804 F.2d 783, 785, 787 (2d Cir.1986) (remanding where agency's legal error had foreclosed development of the record on secondary issue); *Tackett v. Benefits Review Bd.,* 806 F.2d 640, 642 (6th Cir.1986) (same).

Whether it is "unfair" in this case to permit OFCCP (or the Solicitor's lawyers) to reopen proceedings against PPG after all this time has passed is an issue to be decided first by the Secretary—and to be brought to the district court, if at all, only on review under the APA. *Cf. FCC v. Pottsville Broadcasting Co.,* 309 U.S. 134, 146, 60 S.Ct. 437, 443, 84 L.Ed. 656 (1940) ("It is ... urged upon us that if all matters of administrative discretion remain open for determination on remand after reversal, a succession of single determinations upon single legal issues is possible with resulting delay and hardship to the applicant ... But courts are not charged with general guardianship against all potential mischief in the complicated tasks of government."). Thus, the district court had no warrant to decide the "fairness" question before it had even been presented to the Secretary.

\* \* \* \* \* \*

Accordingly, we reverse the decision of the district court and remand with instructions to remand to the Department of Labor for further proceedings.