**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| KARL BROOKINS, | DOCKET NUMBER |
| Appellant, | DE-531D-18-0028-B-1 |
| v. | |
| DEPARTMENT OF THE INTERIOR, | DATE: April 22, 2026 |
| Agency. | |

# THIS ORDER IS NONPRECEDENTIAL[1]

Karl Brookins, Gasquet, California, pro se.

Pernell Telfort, Washington, D.C., for the agency.

## BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

## REMAND ORDER

The appellant has filed a petition for review of the remand initial decision, which dismissed his appeal of the agency's decision to withhold a within-grade increase (WIGI). For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the field office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

The appellant was a Fishery Biologist for the agency and was covered by a collective bargaining agreement with a negotiated grievance procedure that included WIGI withholdings. *Brookins v. Department of the Interior*, 2023 MSPB 3, ¶¶ 2, 10. On October 22, 2017, the appellant filed a Board appeal of a WIGI withholding, claiming that the withholding was based on personnel practices prohibited under 5 U.S.C. § 2302(b)(2) and (b)(12). *Id.*, ¶ 3. The administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. *Id.*, ¶ 4. He found that the Board lacks jurisdiction over the appeal because the appellant did not allege a prohibited personnel practice under 5 U.S.C. § 2302(b)(1), such that he would be able to elect a Board appeal under 5 U.S.C. § 7121(d). *Id.*

The Board issued an Opinion and Order vacating and remanding the appeal for further adjudication. *Id.*, ¶¶ 1, 13. Specifically, the Board held that 5 U.S.C. § 7121(d) is not the only provision under which a WIGI withholding covered by a negotiated grievance procedure may be appealed to the Board. *Id.*, ¶¶ 6-8. Rather, 5 U.S.C. § 7121(g) provides that an employee may elect to appeal such an action to the Board if he alleges that he was affected by a prohibited personnel practice other than under 5 U.S.C. § 2302(b)(1). *Id.* The Board further found that the appellant had raised allegations of prohibited personnel practices that may be sufficient to allow him to elect a Board appeal under 5 U.S.C. § 7121(g). *Id.*

Nevertheless, the appellant had, to that point, raised only bare allegations of prohibited personnel practices under 5 U.S.C. § 2302(b)(2) and (12). *Id.*, ¶ 11. The Board found that there was a question as to whether 5 U.S.C. § 7121(g) requires a nonfrivolous allegation that a prohibited personnel practice has been committed. *Id.*, ¶ 11 & n.8. The Board remanded the appeal to allow the parties an opportunity to brief that issue, and in either case, to allow the appellant an opportunity to develop his

pleadings and make a nonfrivolous allegation regarding the alleged prohibited personnel practices. *Id.*, ¶¶ 11-13.

On remand, neither party chose to brief the legal issue. The administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction on the basis that the appellant failed to make a nonfrivolous allegation of a prohibited personnel practice. *Brookins v. Department of the Interior*, MSPB Docket No. DE-531D-18-0028-B-1, Remand File (RF), Tab 19, Remand Initial Decision (RID). Specifically, the administrative judge found that 5 U.S.C. § 7121(g) requires an appellant to make a nonfrivolous allegation that the agency committed a prohibited personnel practice, and in this case, the appellant's allegations did not rise to that level. RID at 5-10.

The appellant has filed a petition for review, arguing among other things that he made nonfrivolous allegations that prohibited personnel practices occurred, the administrative judge's statutory analysis was incorrect, and the remand adjudication was procedurally deficient. *Brookins v. Department of the Interior*, MSPB Docket No. DE-531D-18-0028-B-1, Remand Petition for Review (RPFR) File, Tab 1. The agency has responded to the petition for review, RPFR File, Tab 4, and the appellant has replied to the agency's response, RPFR File, Tab 5.

## ANALYSIS

Assuming without deciding that, to establish Board jurisdiction over his appeal, the appellant would need to make a nonfrivolous allegation that the WIGI withholding was based on a prohibited personnel practice, we find that he has done so.

Briefly and by way of background, the appellant's 2016 performance year ran from October 1, 2015, through September 30, 2016. *Brookins v. Department of the Interior*, MSPB Docket No. DE-531D-18-0028-I-1, Initial Appeal File (IAF), Tab 4 at 46. The appellant's performance plan had four critical elements,

each of which was rated on a five-tier scale. From highest to lowest, the tiers were "Exceptional," "Superior," "Fully Successful," "Minimally Successful," and "Unsatisfactory." *Id.* The summary rating was based on the same five-tier scale. *Id.* For performance year 2016, the appellant was rated fully successful in three critical elements, but only minimally successful in the fourth—"Effective Workforce." *Id.* at 46-56. This minimally successful rating in one element resulted in a minimally successful rating overall. *Id.* at 46. When the appellant became eligible for a scheduled WIGI on September 2, 2017, the agency withheld the WIGI based on that most recent rating of record. *Id.* at 40-42; *see* 5 C.F.R. § 531.404(a).

On remand, the appellant argued that this minimally successful rating was based on several prohibited personnel practices. RF, Tab 9 at 5-7. We have fully considered the appellant's arguments, and we find that most of them do not amount to nonfrivolous allegations that the WIGI withholding was based on a prohibited personnel practice. However, we find that the appellant has made a nonfrivolous allegation of a prohibited personnel practice under 5 U.S.C. § 2302(b)(12).

Under 5 U.S.C. § 2302(b)(12), it is a prohibited personnel practice for an agency to take a personnel action in violation of any law, rule, or regulation implementing, or directly concerning, the merit system principles of 5 U.S.C. § 2301. To prove a violation of this paragraph, an appellant must show that (1) a personnel action was taken; (2) the taking of this action violated a civil service law, rule, or regulation; and (3) the law, rule, or regulation violated implements or directly concerns a merit system principle. *Special Counsel v. Byrd*, 59 M.S.P.R. 561, 579 (1993), *aff'd*, 39 F.3d 1196 (Fed. Cir. 1994) (Table).

In this case, it is undisputed that a personnel action was taken in the form of a WIGI withholding. *See Smith v. Department of Agriculture*, 64 M.S.P.R. 46, 65 (1994) (stating that a WIGI withholding is a "personnel action" under 5 U.S.C. § 2302(a)(2)(A)(ix)). The next question is whether the appellant made a

nonfrivolous allegation that the agency took the personnel action in violation of a civil service law, rule, or regulation. The appellant alleged that the rating official violated the Office of Personnel Management's performance management regulations by rating his performance based on events that transpired outside the rating period. RF, Tab 9 at 5-6. Among other things, he argues that, in arriving at a rating of "minimally successful," the rating official considered a complaint that she received on October 28, 2016—nearly a month after the rating period ended. RID at 9; IAF, Tab 5 at 20, 22. The administrative judge, however, found no indication that the rating official considered that complaint in rendering the appellant's performance year 2016 evaluation. RID at 9-10.

On petition for review, the appellant argues that the narrative portion of the performance evaluation closely tracks some of the language in the October 28, 2016 complaint, strongly indicating that the rating official considered it in her evaluation. RPFR File, Tab 1 at 16-17. We agree. Not only did the rating official complete the appellant's evaluation on the same day that she received the complaint, but the narrative portion of the evaluation discusses several of the specific issues covered in the complaint, using much of the same language. IAF, Tab 4 at 22, 45, 55. Although it is not certain that any of the incidents referred to in the complaint occurred outside the 2016 performance year, the nonfrivolous allegation standard does not require certainty; it only requires plausibility. *See* 5 C.F.R. § 1201.4(s). In that regard, we find it not unlikely that at least some of the matters underlying the complaint occurred after the performance year had already ended. We further find that, if the rating official based the appellant's rating, even in part, on performance that postdated the appraisal period, then this would be a violation of 5 C.F.R. § 430.208(a)(1), which states that "[a] rating of record shall be based only on the evaluation of actual job performance for the designated appraisal period." We find that the appellant has made a nonfrivolous allegation that the agency violated 5 C.F.R. § 430.208(a)(1) by basing his 2016 rating of record on performance that postdated the appraisal period.

As to the third issue, we find that this regulation implements or directly concerns merit system principle number six, which states that "[e]mployees should be retained on the basis of the adequacy of their performance, inadequate performance should be corrected, and employees should be separated who cannot or will not improve their performance to meet required standards." 5 U.S.C. § 2301(b)(6); *see* 5 U.S.C. § 2302(b)(12); *Wells v. Harris*, 1 M.S.P.R. 208, 241-42 (1979) (holding that 5 U.S.C. § 4303, "Actions based on unacceptable performance" is a statute implementing the merit system principle of 5 U.S.C. § 2301(b)(6)), *modified by Gende v. Department of Justice*, 23 M.S.P.R. 604, 608-10 (1984).

Because the appellant made a proper election under 5 U.S.C. § 7121(g) and otherwise established jurisdiction over his appeal, he is entitled to an adjudication of the merits, to include his requested hearing. IAF, Tab 1 at 2. The parties should be mindful that this appeal is governed by the procedures of 5 U.S.C. § 7701, and that the issues will not be limited to the appellant's allegations of a prohibited personnel practice. Regardless of whether the appellant can prove by preponderant evidence that the WIGI withholding was based on a prohibited personnel practice, for the action to be sustained, the agency will still be required to support its WIGI withholding decision by substantial evidence.[2] *See* 5 U.S.C. § 7701(c)(1)(A); *Romane v. Defense Contract Audit Agency*, 760 F.2d 1286 (Fed. Cir. 1985); *Smith*, 64 M.S.P.R. at 56; 5 C.F.R. § 1201.56(b)(1)(i).

---

[2] The appellant has raised some discovery-related arguments on review. RPFR File, Tab 1 at 5, 11-14. We agree with the appellant that the deadlines in the appeal were suspended to allow for mediation and that the discovery deadline was never clearly reestablished after processing resumed. RF, Tab 13. The record does not show what discovery efforts, if any, the parties undertook prior to the suspension of the deadlines. On remand, the administrative judge should confer with the parties, determine whether they have had a full and fair opportunity to conduct discovery, and allow any further opportunity for discovery as appropriate.

**ORDER**

For the reasons discussed above, we remand this case to the field office for further adjudication in accordance with this Remand Order.

*Gina K. Grippando*

FOR THE BOARD:                    _____
                                             Gina K. Grippando
                                             Clerk of the Board

Washington, D.C.